[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2009
THOMAS K. KAHN
CLERK

No. 08-13322
Non-Argument Calendar
_____

D. C. Docket No. 07-10053-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUNIESKIS RODRIGUEZ PINERO,
a.k.a. Pineriro Domieque-Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 6, 2009)

Before CARNES, BARKETT  and WILSON, Circuit Judges.

PER CURIAM:

Dunieskis Rodriguez Pinero appeals his sentence after pleading guilty to conspiracy to smuggle aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv).[1] On appeal, Pinero argues that his 120-month sentence is procedurally and substantively unreasonable because it exceeds the guideline range, which accounted for his conduct, the death of one of the aliens, and his criminal history, by 42 months.

I.

We review a final sentence under the guidelines for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). In conducting this review, we apply a deferential abuse of discretion standard. Gall v. United States, 552 U.S. __, __, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. Talley, 431 F.3d at 788.

We first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based on

---

[1] On appeal, Pinero does not challenge: (1) his convictions; (2) his 60-month sentence for failure to obey a United States Coast Guard ("USCG") order to heave to, in violation of 18 U.S.C. § 2237(a)(1), (2) (Count 14); or (3) the district court's calculation of the Guidelines. Therefore, he abandoned any arguments with respect to those issues. United States v. Blasco, 702 F.2d 1315, 1332 n.28 (11th Cir. 1983).

clearly erroneous facts, or failing to adequately explain the chosen sentence. Gall, 552 U.S. at ___, 128 S.Ct. at 597. Procedurally, a district court is not required to give notice that it intends to impose an above guideline range sentence. Irizarry v. Unites States, ___ U.S. ____, ____, 128 S.Ct. 2198, 2202-03, 171 L.Ed.2d 28 (2008). Further, a court may consider conduct that supported enhancement of a defendant's guideline offense level to vary upward from the recommended guideline range. United States v. Amedeo, 487 F.3d 823, 833-34 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007).

If there are no procedural errors in the sentence, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at ___, 128 S.Ct. at 597. The review involves inquiring into whether the § 3353(a) factors support the sentence. Id. at ___, 128 S.Ct. at 600. The factors presented in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guideline range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

3

Talley, 431 F3d at 786; see 18 U.S.C. § 3553(a). After considering these factors, the court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at __, 128 S.Ct. at 597. However, the sentencing court is not required to discuss each individual factor when determining a sentence. United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

We have acknowledged that the Supreme Court in Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), has upheld other circuits' decisions recognizing a presumption of reasonableness for within-range sentences, but we do not "presume reasonable a sentence within the properly calculated Guideline range." United States v. Campbell, 491 F.3d 1306, 1313-14 (11th Cir. 2007). We have recognized that "there is a range of reasonable sentences from which the district court may choose." Talley, 431 F.3d at 788.

Having reviewed the record and the briefs of the parties, we discern no error. Pinero's sentence is procedurally reasonable because the district court correctly calculated the Guidelines, treated the Guidelines as advisory, considered § 3553(a)'s factors, and explained its chosen sentence. The district court was not required to give advance notice that it intended to upwardly vary from the Guidelines. See Irizarry, ___ U.S. at ____, 128 S.Ct. at 2202-03. Further, the district court was not prohibited from considering aspects of Pinero's conduct that

4

enhanced his guideline offense level. See Amedeo, 487 F.3d at 833-34. Likewise, Pinero's sentence is substantively reasonable. In light of the life-ending injuries sustained by one of the aliens during Pinero's 1 ½ hour attempt to evade Coast Guard officials and Pinero's criminal history, the district court did not abuse its discretion in finding that the advisory guideline range was inadequate and determining that a substantially higher sentence was appropriate and reasonable. Accordingly, we affirm.

**AFFIRMED.**